

# THE ATTORNEY GENERAL
## OF TEXAS

January 15, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Mr. Kenneth H. Ashworth,
    Commissioner
Coordinating Board
Texas College &
    University System
P. O. Box 12788
Austin, Texas    78711

Opinion No. JM-845

Re: Whether aliens granted permanent resident status on a conditional basis may qualify for resident status for tuition purposes (RQ-1194)

Dear Commissioner Ashworth:

You ask the following question:

> Are aliens granted conditional permanent residence status in the United States eligible to be classified as residents of Texas for tuition determination purposes prior to the removal of the conditional basis of their status, provided the aliens are meeting all other requirements for Texas residency which are applicable to United States citizens?

The Education Code contains general rules governing determination of residency for tuition purposes. Educ. Code §§54.052 through 54.064. Section 54.057 provides:

> An alien who is living in this country under a visa permitting permanent residence or who has filed with the proper federal immigration authorities a declaration of intention to become a citizen has the same privilege of qualifying for resident status for fee purposes under this Act as has a citizen of the United States. A resident alien residing in a junior college district located immediately adjacent to Texas boundary lines shall be charged the resident tuition by that junior college.

See also Attorney General Opinion JM-241 (1984) (despite section 54.057, aliens permitted by Congress to adopt U.S. as domicile must be accorded same privileges as permanent residents to qualify for resident tuition).

Under federal immigration law, alien spouses and children of U.S. citizens are not subject to the numerical restrictions applicable to other categories of immigrants. 8 U.S.C. §1151(b) (1982). "Because of this special status accorded such alien relatives, aliens who either cannot otherwise qualify for immigration to the United States or who, though qualified, are not willing to wait until an immigrant visa becomes available, frequently find it expedient to engage in a fraudulent marriage in order to side-step the immigration law." H.R. Rep. No. 906, 99th Cong., 2d Sess. 9 (1986) reprinted in 1986 U.S. Code Cong. & Admin. News 5978; see also 10 Harv. Women's L.J. 319, 320. The Immigration Marriage Fraud Amendments of 1986, which are codified at 8 U.S.C. §1186a, were enacted in order to discourage aliens from entering into fraudulent marriages for the purpose of acquiring permanent resident status in the United States. H.R. Rep. No. 906, 99th Cong., 2d Sess. 9 (1986), reprinted in 1986 U.S. Code Cong. & Admin. News 5978.

Section 1186a(a)(1) provides that an alien spouse or child shall be considered "at the time of obtaining the status of an alien lawfully admitted for permanent residence, to have obtained such residence on a conditional basis." If, "before the second anniversary of the alien's obtaining the status of lawful admission for permanent residence," it is determined that the marriage was fraudulent or that the marriage has ended for a reason other than death, the permanent resident status of the alien spouse will be terminated. 8 U.S.C. §1186a(b). In order to have the condition removed, the married couple must submit a petition within 90 days of the second anniversary of the alien's obtaining permanent residence status. 8 U.S.C. §1186a(c), (d). Your question is whether an alien with permanent resident status on a conditional basis as described in 8 U.S.C. § 1186a is a "permanent resident" for purposes of section 54.057 of the Texas Education Code.

In allowing aliens who live in the United States "under a visa permitting permanent residence" to qualify for resident tuition, the Texas legislature created a class whose members are determined by federal law. Educ. Code §54.057; see 8 U.S.C. §1101(a)(20) (defining "lawfully admitted for permanent residence"); see also 8

U.S.C. §1101(a)(31)  (defining  "permanent";  relationship may be  "permanent"  even  though  it  may  eventually  be dissolved).  Your question  is whether  the newly  created category  under  federal  law  of  conditional  permanent residents is part of  the category of  aliens with a  visa permitting permanent  residence  for purposes  of  section 54.057 of the Texas  Education Code.  Because the  federal category  created  by  the  Immigration  Marriage  Fraud Amendments of  1986  did not  exist  at the  time  section 54.057  was  enacted,  section  54.057  itself  offers  no guidance on how the  status of permanent resident  subject to the condition set out in the Immigration Marriage Fraud Amendments of 1986 fits into the scheme set out in section 54.057.  Therefore, we  must turn to  the language of  the new federal statute in order to answer your question.

Despite the  condition  attached to  his  status,  an alien spouse or child subject to the provisions of section 1186a is  still described  in the  federal law  as  having "permanent resident status" or as being "lawfully admitted for permanent  residence."  Throughout  section  1186a  an alien spouse or child subject to the provisions of section 1186a  is  referred  to  as  having  "permanent  resident status," albeit  with  a condition  attached.  Subsection (a)(1) of section 1186a provides:

> Conditional  basis  for  status. Notwithstanding any other provision of  this Act,  an  alien  spouse  (as  defined  in subsection  (g)(1))  and  an  alien  son  or daughter (as defined  in subsection  (g)(2)) shall  be  considered, <u>at  the  time  of obtaining the  status of  an alien  lawfully admitted for  permanent residence,  to  have obtained such status on a conditional  basis subject to the  provisions of this  section</u>. (Emphasis added.)

The consequence of a determination that an alien  spouse's marriage  was  fraudulent  or  that  it  has  ended  is "termination of permanent resident status."  <u>See</u>  8 U.S.C. §1186a(c)(2).  <u>Cf.</u> H.R. Rep. No. 906, 99th Cong., 2d Sess. 9 (1986), <u>reprinted in</u> 1986 U.S. Code Cong. & Admin.  News 5978, 5981 (noting that  bill would postpone privilege  of permanent resident status).  Thus, as suggested in a brief submitted in regard to your request, the condition appears to be a condition subsequent that allows the United States to <u>revoke</u> the permanent  resident status of certain  alien spouses and children under specified circumstances  rather than a  condition precedent  to  obtaining the  status of

permanent resident.   _See also_ 8 U.S.C.   §1101(a)(31) (relationship can be "permanent" for purposes of federal immigration law even though it may eventually be dissolved).

Also, for purposes of naturalization, an alien who is a lawful permanent resident on a conditional basis is considered to be "an alien lawfully admitted to the United States for permanent residence." 8 U.S.C. §1186a(e). Thus, although the 1986 legislation was intended to make it easier to revoke the privileges accorded to aliens subject to the two-year condition, it appears that the condition was not intended to deny to aliens subject to the condition all privileges that accompany permanent resident status.

Thus, we feel constrained to conclude that aliens subject to the two-year condition are permanent residents for purposes of section 54.057. Aliens subject to the two-year condition are therefore _eligible_ to be classified as residents for purposes of tuition at Texas colleges and universities.

## S U M M A R Y

An alien granted permanent resident status subject to the condition set out in the Immigration Marriage Fraud Amendments of 1986 is a permanent resident for purposes of section 54.057 of the Texas Education Code and is therefore eligible to be classified as a resident for purposes of tuition at Texas colleges and universities.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

**RICK GILPIN**
Chairman, Opinion Committee

**Prepared by Sarah Woelk**
Assistant Attorney General